UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GEORGE M.,<br><br>              Plaintiff,<br><br>       v.<br><br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>              Defendant. | Case No. C20-5037 RAJ<br><br>**ORDER REVERSING AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS** |

Plaintiff appeals denial of his application for Disability Insurance Benefits. Plaintiff contends the ALJ erred by rejecting his testimony, a lay witness statement, and a medical opinion.  Dkt. 7.  As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is 56 years old, has a high school education, and has worked as a heavy equipment operator.  Dkt. 5, Admin. Transcript (Tr.) 27-28.  Plaintiff alleges disability as of March 28, 2016.  Tr. 19.  After conducting a hearing in November 2018, the ALJ issued a decision finding Plaintiff not disabled.  Tr. 186-229, 19-29.  In pertinent part, the

ALJ found Plaintiff had severe impairments of neurocognitive disorder, headaches, bilateral carpal tunnel syndrome, spinal disorders, and adjustment disorder.  Tr. 21.  The ALJ restricted Plaintiff to simple, light work with frequent handling and fingering.  Tr. 23.

## DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole.  *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).

A.      **Examining Psychologist Lezlie A. Pickett, Ph.D.**

After examining Plaintiff in August 2017, Dr. Pickett diagnosed "Neurocognitive Disorder, Mild, due to traumatic brain injury" (TBI) and adjustment disorder.  Tr. 601-02. She opined Plaintiff had "significant deficits" in memory function after 20 to 30 minutes' delay, which "impaired his ability to maintain the pace and persistence required of general employment environments."  Tr. 602-03.  The ALJ found Dr. Pickett's opinions "not persuasive" because the ALJ found there had been no TBI and because her opinions were inconsistent with Plaintiff's activities.  Tr. 25-26.  The parties dispute whether the ALJ could discount Dr. Pickett's opinions only for "specific and legitimate" reasons, or by assessing the supportability of the opinions and their consistency with the record.  *See Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017); 20 C.F.R. § 404.1520c(a).  The Court need not address the dispute because, under either standard, the ALJ's reasons were insufficient.

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

### 1.    Traumatic Brain Injury

There is no dispute Plaintiff's severe impairments include "neurocognitive disorder, mild" and adjustment disorder.  Tr. 21.  The ALJ failed to explain how determining whether the underlying cause of the neurocognitive disorder was TBI or another cause would undermine Dr. Pickett's opinions.  Even if the ALJ is correct that there was no TBI, this does not undermine the supportability of Dr. Pickett's opinions, which were based on undisputed impairments, and is not a specific and legitimate reason to discount Dr. Pickett's opinions.

### 2.    Activities

The ALJ found Dr. Pickett's opinions "inconsistent with the claimant's activities, which include driving a car, hunting and fishing, and going on road trips."  Tr. 26.  None of these activities require the type of pace and persistence necessary for employment that Dr. Pickett opined were impaired.  This does not show inconsistency between Dr. Pickett's opinions and the record, and was not a specific and legitimate reason to discount her opinions.

The Court concludes the ALJ erred by discounting Dr. Pickett's opinions.

**B.    Plaintiff's Testimony**

The ALJ could only discount Plaintiff's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo*, 871 F.3d at 678.  The ALJ provided several reasons, none of which were clear and convincing.

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 3

First, the ALJ discounted Plaintiff's testimony for lack of "proof that he ever hit his head." Tr. 24. There is no dispute Plaintiff suffered a workplace injury in December 2015, while working as a heavy equipment operator. Plaintiff was standing on a crane truck when a car hit it, and was thrown onto the highway. Tr. 197. Plaintiff testified he has no memory of what happened immediately upon impact but believes he "had to have" hit his head based on where he was when impact occurred and the fact that he had a headache and nausea after the incident. Tr. 197-99. There is no dispute Plaintiff's brain was affected by the impact. *See* Tr. 24 (ALJ cited evidence of "post-concussive syndrome as opposed to a significant head injury"). Determining whether there was direct impact to Plaintiff's head or instead his brain hit the inside of his skull due to the impact on his body—when Plaintiff cannot remember what happened—is not relevant to assessing his testimony of symptom severity. The Commissioner does not defend the ALJ's reason, apparently conceding it is erroneous.

The ALJ found Plaintiff made inconsistent statements about whether he was able to engage in hobbies. Tr. 25. Plaintiff has consistently reported he is unable to engage in hunting, fishing, and motorcycle riding at the level and frequency he did before his accident. For example, Dr. Pickett's report notes Plaintiff reported "he used to hunt, fish, ride motorcycles, and was very physically active. Since the injury, he has not been able to engage in those activities." Tr. 599. In Plaintiff's July 2017 Function Report, he explained he hunts, fishes, or rides motorcycles "not very often and not near as well as [he] used to. … Everything has changed from pain. Can only do easy hunt & fish so [he

doesn't] catch or kill animals like [he] used to." Tr. 378.  In a November 2017 Function

Report Plaintiff explained he "ha[s] to take the easiest way possible to do [these

activities].  It often ends in failure now."  Tr. 428.  Even if there was a minor discrepancy

between being able to do these activities a little or not at all, a "single discrepancy fails

… to justify the wholesale dismissal of a claimant's testimony."  *Popa v. Berryhill*, 872

F.3d 901, 906–07 (9th Cir. 2017).  Inconsistent statements were not a clear and

convincing reason to discount Plaintiff's testimony.

The ALJ discounted Plaintiff's testimony because his "low back pain nearly

resolved" one year after his October 2016 lumbar spine surgery.  Tr. 25 (citing Tr. 642).

Plaintiff testified this first lumbar surgery was successful and provided relief, but the

second surgery only provided relief "for about three/four weeks and then it was worse."

Tr. 202.  Successful relief of symptoms was not a clear and convincing reason to discount

Plaintiff's testimony.  *See Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017)

("[E]vidence of medical treatment successfully relieving symptoms can undermine a

claim of disability."); *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001)

(Making "some improvement does not mean that the person's impairments no longer

seriously affect her ability to function in a workplace.").

An ALJ may discount a claimant's testimony based on daily activities that either

contradict her testimony or that meet the threshold for transferable work skills.  *Orn v.*

*Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).  The ALJ cited going on a road trip, but failed

to explain how this contradicts Plaintiff's testimony of, for example, his legs giving out,

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 5

hand tremors, and headaches.  Tr. 25.  Conflict with his activities was not a clear and convincing reason to discount Plaintiff's testimony.

Finally, the ALJ discounted Plaintiff's physical symptom testimony based on only mild abnormalities in imaging and other clinical tests.  Tr. 24-25.  However, "lack of medical evidence cannot form the sole basis for discounting pain testimony…." *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).  In the absence of any other clear and convincing reason, mild clinical results were not a sufficient reason to discount Plaintiff's testimony.

The Court concludes the ALJ erred by discounting Plaintiff's testimony.

C.    **Lay Witness Statement**

An ALJ may discount lay witness testimony for germane reasons.  *Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017).  Plaintiff's fiancé filled out a Function Report in July 2017, describing hand tremors, confusion, and pain that sometimes makes him collapse.  Tr. 398-405.  The ALJ discounted this lay witness statement as "not entirely consistent with the medical record," but failed to specify any conflicts.  Tr. 27. The Commissioner argues "normal" hand and wrist clinical findings contradicted Plaintiff's fiancé's description of hand tremors.  This is a *post hoc* argument on which the Court cannot rely and, moreover, is unsupported because the cited record does not contradict hand tremors.  *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 1995); Tr. 1116, 1121.  The Commissioner argues the ALJ's reasons to discount Plaintiff's testimony apply equally well to his fiancé's statements.  Because the ALJ

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 6

failed to provide an adequate reason to discount Plaintiff's testimony, the Commissioner's argument fails.  The Court concludes the ALJ erred by discounting the lay witness statement.

**D.    Scope of Remand**

Plaintiff requests remand for an award of benefits.  Before awarding benefits, the Court must determine "whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful."  *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal citations and quotation marks omitted).  Plaintiff makes no attempt to show the record is fully developed and no conflicts remain.  In fact, conflicts remain among medical opinions.  *See, e.g.*, Tr. 602-03, 1149.  The Court concludes remand for further proceedings is appropriate.

**CONCLUSION**

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).  On remand, the ALJ should reevaluate Dr. Pickett's opinions, Plaintiff's testimony, and his fiancé's statement; reassess the RFC as appropriate; and proceed to step five as necessary.

DATED this 9th day of September, 2020.

The Honorable Richard A. Jones
United States District Judge

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 7